UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOMINIQUE ANTOINE JONES | CIVIL ACTION |
| VERSUS | NO. 20-379 |
| NEW ORLEANS PARISH PRISON | SECTION "T" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Dominique Antoine Jones is a prisoner incarcerated in the St. Bernard Parish Jail in Chalmette, Louisiana. Jones filed the captioned lawsuit pro se and in forma pauperis against defendant New Orleans Parish Prison pursuant to 42 U.S.C. § 1983. R. Doc. No. 1. In his complaint, plaintiff alleges that he suffered injuries during a series of physical altercations inside a holding cell at the New Orleans Parish Prison. *Id.* at p. 5, ¶ IV. He further alleges that he did not receive immediate medical attention from prison officials and that prison officials did not report or document his injuries. *Id.* at p. 5, ¶ IV. Plaintiff seeks monetary damages. *Id.* at ¶ V.

By order dated March 16, 2020, the court ordered plaintiff to file with the court on or before April 30, 2020: (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. R. Doc. No. 7. A review of the record indicates that this order was mailed to plaintiff at the address listed on his complaint. This order has not been returned to the court and no response from plaintiff was received.

By order dated May 11, 2020, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's previous order. R. Doc. No. 9. Plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than June 8, 2020. *Id.* Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. *Id.* A review of the record indicates that this order was mailed to plaintiff at the address listed on his complaint. This order has not been returned to the court and no response from plaintiff has been received.

No mail addressed to plaintiff has been returned to the Clerk's Office. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated January 26, 2020, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." R. Doc. No. 1 at p. 6, ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). Because the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering

dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute his case. Plaintiff's failure to comply with the court's March 16, 2020 and May 11, 2020 orders clearly reflects a failure on the part of plaintiff to prosecute.

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Dominique Antoine Jones be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __9th__ day of June, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.